UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DANIEL LOPEZ,
     Plaintiff,

vs.

1370 WASHINGTON, LLC and
MAD HOUSE MIAMI LLC,
     Defendants.

## COMPLAINT

Plaintiff, DANIEL LOPEZ (hereinafter, "Plaintiff"), by and through undersigned counsel, hereby files this Complaint and sues Defendants, 1370 WASHINGTON, LLC and MAD HOUSE MIAMI LLC (hereinafter, "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*., (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the "ADAAG").

## JURISDICTION AND VENUE

1.     This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq*., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

2.     The subject property is a restaurant located at 1342 Washington Avenue, Miami Beach, FL 33139 (hereinafter, the "Subject Premises").

3.     All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the Subject Premises are located in the Southern District and Miami-Dade County.

1

**PARTIES**

4.       Plaintiff, DANIEL LOPEZ, is over the age of 18, *sui juris*, and a resident of Maimi-Dade County, Florida. Plaintiff is a double-leg amputee from above the knee, which limits his major life activities including but not limited to walking, and requires the use of a wheelchair for mobility purposes. Plaintiff is a qualified individual under the ADA.

5.       Defendant, 1370 WASHINGTON, LLC, is a Delaware limited liability company which is authorized to and does transact business in the State of Florida and within this judicial district.

6.       Pursuant to the Miami-Dade County Property Appraiser's Office, Defendant, 1370 WASHINGTON, LLC, is the owner of the Subject Premises; and records maintained by the Miami-Dade County Department of Regulatory and Economic Resources reflect that a Certificate of Use was issued for the Subject Premises in 2022.

7.       Defendant, MAD HOUSE MIAMI LLC, is a Florida limited liability company which is authorized to and does transact business in the State of Florida and within this judicial district, and is the owner/operator of the restaurant "CASA CUBANA" located at Subject Premises.

8.       According to the City of Miami Beach records, Defendant, MAD HOUSE MIAMI LLC, d/b/a "CASA CUBANA" was issued a Business Tax Receipt with a start date of October 1, 2025 for the Subject Premises.

9.       CASA CUBANA is a restaurant offering Cuban cuisine and a variety of food and beverage items to members of the general public in a dine-in setting. The establishment provides customers with the ability to enter the restaurant, be seated, and purchase meals and beverages in a public accommodation intended for on-site dining. The Plaintiff enjoys CASA CUBANA and

2

appreciates the food offerings and dining experience provided at the establishment. However, despite the Plaintiff's interest in patronizing the restaurant, significant accessibility barriers impede the Plaintiff's ability to fully and equally access and enjoy the goods and services offered at the Subject Premises, in violation of the ADA.

## FACTUAL ALLEGATIONS AND CLAIM

10.     Plaintiff, in his individual capacity, visited the Subject Premises and personally encountered physical barriers to access, which compelled him to engage with those barriers, resulting in legal harm and injury. Plaintiff continues to suffer harm due to the existence of these barriers and the Defendants' failure to comply with ADA regulations.

11.     Plaintiff has visited the Subject Premises and intends to return to utilize the goods, services, and accommodations offered to the public. However, he is deterred from returning while the discriminatory barriers and non-compliant policies described herein persist.

12.     Plaintiff has been denied full and equal access to the Subject Premises, preventing him from enjoying the goods and services offered therein. These denials are caused by the physical barriers, including those outlined in this Complaint, and will continue until the barriers are removed.

13.     Beyond his personal interest in accessing the Subject Premises, Plaintiff is an advocate for individuals with disabilities and is committed to asserting his civil rights and the rights of others similarly situated.

14.     Pursuant to 42 U.S.C. § 12134(a), the Department of Justice, through the Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register on September 15, 2010. These regulations required public accommodations to comply with the updated standards by March 15, 2012.

3

15.     Under the "Safe Harbor" provision outlined in 28 CFR § 36.304(d)(2)(i), elements in existing facilities that have not been altered on or after March 15, 2012, and that comply with the technical and scoping specifications of the 1991 Standards are not required to be modified to meet the 2010 Standards. However, the violations described in this Complaint fail to comply with both the 1991 Standards and the 2010 Standards.

16.     As the Subject Premises was designed, constructed, and received its Certificate of Use in 2022, Plaintiff asserts that the ADA violations at the property are intentional and will not be corrected without Court intervention, further exacerbating the harm Plaintiff has suffered and will continue to endure.

17.     The Subject Premises, as a public accommodation and service establishment, is required by law to comply with the ADA and ADAAG. However, it remains non-compliant with these standards.

18.     Plaintiff has suffered harm and injury as a result of personally encountering barriers to access at the Subject Premises, and he will continue to suffer harm due to the Defendants' failure to address the ADA violations described herein.

19.     Plaintiff has experienced direct and indirect injury as a result of the physical barriers and ADA violations at the Subject Premises and the Defendants' actions or inactions in remedying these violations.

20.     Plaintiff attempted to access the Subject Premises but was unable to do so due to his disability and the existence of physical barriers, dangerous conditions, and ADA violations that restricted his access to the property and its accommodations.

21.     Plaintiff intends to return to the Subject Premises in the near future to utilize the goods, services, and accommodations offered. However, his ability to do so is restricted by the

ongoing physical barriers and ADA violations that limit access for individuals with disabilities.

## COUNT I
## VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT
### (Against All Defendants)

22.     Plaintiff restates Paragraphs 1-21 as though fully set forth herein.

23.     Defendants, 1370 WASHINGTON, LLC and MAD HOUSE MIAMI LLC, have discriminated against the Plaintiff and others with disabilities by failing to provide full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Subject Premises, as required by Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*., and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36.

24.     1370 WASHINGTON, LLC, as the owner of the Subject Premises, is responsible for ensuring that the property complies with the ADA, including removing architectural barriers where readily achievable as required by 42 U.S.C., § 12182(b)(2)(A)(iv).

25.     MAD HOUSE MIAMI LLC, as the owner/operator of the business located at the Subject Premises, is responsible for ensuring that its policies, practices, and any barriers within its leased space comply with the ADA.

26.     The Plaintiff's ability to access the Subject Premises and fully benefit from its goods, services, facilities, privileges, advantages, and accommodations is hindered by various physical barriers, unsafe conditions, and ADA violations, including but not limited to the following:

### Dining Areas

**i. Inaccessible Dining Tables**
Dining tables located at the exterior sidewalk dining area and the interior dining area are inaccessible because the required minimum knee and toe clearance is not provided and the minimum percentage of existing dining tables required to be accessible is not provided, preventing Plaintiff and other wheelchair users from utilizing the dining surfaces. This is a violation of §§226, 902, and 306 of the ADAAG and the 2010 ADA Standards.

**<u>Bar Area</u>**

**ii. Inaccessible Bar**
The bar is inaccessible because the height exceeds the maximum allowable height, required minimum toe clearance is not provided, and a portion of the bar required to be accessible is not provided, preventing Plaintiff and other wheelchair users from utilizing the bar. This is a violation of §§226, 902, and 306 of the ADAAG and the 2010 ADA Standards.

**<u>Restrooms</u>**

**iii. Non-Compliant Maneuvering Clearance at Restroom Doors**
At both the first and second of two restroom doors, the required minimum maneuvering clearance is not provided at the exterior side of the doors, preventing Plaintiff and other individuals with mobility impairments from safely approaching and entering the restrooms. This is a violation of §§206, 402, and 404.2.4 of the ADAAG and the 2010 ADA Standards.

**iv. Insufficient Turning Space in Restroom**
In the first of two restrooms, the required minimum turning space is not provided, preventing Plaintiff and other wheelchair users from maneuvering within the restroom. This is a violation of §§603.2.1 and 304 of the ADAAG and the 2010 ADA Standards.

**v. Inaccessible Lavatories**
In both restrooms, the lavatories are inaccessible because the required minimum clear floor space and required knee and toe clearance are not provided, preventing Plaintiff and other wheelchair users from approaching and using the lavatories. This is a violation of §§606.2, 305, and 306 of the ADAAG and the 2010 ADA Standards.

**vi. Inaccessible Mirror**
In the first of two restrooms, the mirror is mounted above the maximum allowable height, preventing Plaintiff and other individuals with disabilities from using the mirror. This is a violation of §603.3 of the ADAAG and the 2010 ADA Standards.

**vii. Missing Grab Bars at Water Closets**
In both the first and second of two restrooms, required grab bars are not provided on the rear and side walls of the water closets, preventing Plaintiff and other individuals with disabilities from safely transferring to and from the toilets. This is a violation of §§604.5 and 609 of the ADAAG and the 2010 ADA Standards.

**viii. Non-Compliant Flush Controls at Water Closets**
In both the first and second of two restrooms, the flush controls are positioned on the closed side of the water closet, preventing accessible operation by individuals with disabilities. This is a violation of §604.6 of the ADAAG and the 2010 ADA Standards.

**ix. Non-Compliant Water Closet Location**
In the second of two restrooms, the distance of the water closet from the side wall is non-compliant, preventing proper accessible positioning of the fixture. This is a violation of

6

§604.2 of the ADAAG and the 2010 ADA Standards.

27.     Plaintiff has attempted to access the Subject Premises but has been denied full and equal enjoyment of the goods, services, programs, and activities offered due to his disability. The physical barriers, dangerous conditions, and ADA violations described above have caused Plaintiff to suffer harm, and Plaintiff reasonably expects to face continued discrimination unless and until Defendants are compelled to remove these barriers and comply with the ADA.

28.     Alternatively, to his personal interest in accessing the Subject Premises free of illegal barriers, Plaintiff, MR. LOPEZ, is a staunch and devoted advocate of the rights of similarly situated disabled persons and is a "tester" for the rights of individuals with disabilities  to ensure public accommodations comply with the ADA. Plaintiff has visited the Premises in his capacity as a tester, encountered barriers to access, engaged with those barriers, and suffered harm as a result. Plaintiff intends to return regularly to verify the Premises' compliance with the ADA and to confirm any modifications are properly maintained. Plaintiff believes that these violations will not be corrected without Court intervention, which will result in continued harm.

29.     Plaintiff lives approximately less than one (1) mile from the Subject Premises and intends to return within the next six (6) months to ensure accessibility for individuals with physical disabilities and to avail himself of the goods and services therein. Plaintiff will verify compliance with the ADA and confirm that all modifications are complete, if he is able to do so.

30.     The removal of the physical barriers, dangerous conditions, and ADA violations described herein is readily achievable and can be accomplished without significant difficulty or expense, as defined by 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R. § 36.304.

31.     Plaintiff is without an adequate remedy at law and is suffering irreparable harm.

Plaintiff reasonably anticipates continued harm unless Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations at the Subject Premises.

## RELIEF SOUGHT

32.     Plaintiff seeks an injunction requiring Defendants to bring the Subject Premises into full compliance with the ADA and ADAAG by remediating all violations.

33.     Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the Subject Premises until the requisite modifications are completed.

34.     Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

**WHEREFORE**, Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the Subject Premises until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs, and litigation expenses incurred in this action.

Respectfully submitted,

/s/ Lauren N. Wassenberg
Lauren N. Wassenberg, Esq. (FBN: 34083)
   *Attorney for Plaintiff*
Lauren N. Wassenberg & Associates, P.A.
33 SE 4th St., Ste. 100

8

Boca Raton, Florida 33432
844-702-8867
WassenbergL@gmail.com